# Cases

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## December, 1881.

THE NASSAU GAS LIGHT COMPANY, APPELLANT, v. THE CITY OF BROOKLYN AND JAMES TANNER, COLLECTOR OF TAXES, ETC, RESPONDENTS.

*Manufacturing corporations — what corporations are entitled to exemption from the taxes imposed by chapter 542 of 1880.*

A gas company organized under chapter 37 of the Laws of 1848, for the purpose of manufacturing and supplying gas, is entitled to the exemption from the taxes imposed by chapter 542 of 1880, created by the third section thereof in favor of "manufacturing corporations carrying on manufactures within this State."

The legislature did not intend by these words to limit the exemption to corporations organized under the general manufacturing act (chap. 40 of 1848), and the acts amendatory thereof.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action by the court without a jury.

This action was brought to restrain the collection of a tax assessed by the board of assessors of the city of Brooklyn upon the capital stock and personal property of the plaintiff in August, 1880.

The plaintiff is a corporation organized under the act entitled "An act for the formation of gas-light companies," passed February 16, 1848, and claims that it is, therefore, not within the class of corporations excepted from the operation of the act entitled "An act to provide for raising taxes for the use of the State upon certain

corporations, joint stock companies and associations," passed June 1, 1880, and that being liable to pay taxes to the State under such act is, by its terms, exempt from local taxation.

*Charles J. Lowrey*, for the appellant.

*William C. De Witt*, for the respondents.

BARNARD, P. J.:

The plaintiff is a manufacturing company within the meaning of the exemption contained in section 3 of chapter 542 of Laws of 1880. Gas companies are organized under a general act (chap. 37, Laws of 1848) "for the purpose of manufacturing and supplying gas for lighting," etc. Subsequently and in the same year the legislature also passed a general act (chap. 40, Laws of 1848) authorizing the formation of companies "for the purpose of carrying on any kind of manufacturing, mining, mechanical and chemical business." The words of the exemption in section 3 of the Laws of 1880, "manufacturing corporations carrying on manufactures within this State," the legislature clearly did not intend by these words to limit the exemption to corporations organized under the manufacturing incorporation act, so called. (Chap. 40 of Laws of 1848.)

A foreign corporation carrying on manufactures in this State would be included in the exemption, and be exempted from the operation of the act of 1880.

The title of the act of 1848, and the purpose for which corporations are authorized by it, include other than manufacturing corporations. The gas act, by its terms, indicates that these corporations were properly manufacturing corporations. The purpose of the corporation is stated in the act to be the manufacture and sale of gas. There is no reason why the exemption in question should only apply to corporations incorporated under any particular act. The act does not say so. The ordinary meaning of the word used comprehends the making of gas.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; GILBERT, J., not sitting.

Judgment affirmed, with costs.